[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 28, 2007
THOMAS K. KAHN
CLERK

No. 07-10396
Non-Argument Calendar

_____

D. C. Docket No. 05-00031-CR-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERVIN MINCEY,
a.k.a. Debo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(December 28, 2007)**

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Ervin Mincey appeals his conviction and 360-month sentence for

distribution of crack cocaine under 21 U.S.C. § 841(a)(1). On appeal, Mincey argues first that the district court erroneously denied his motion to suppress statements that he made during a post-indictment interview with Agent Kent Munsey. Second, Mincey argues that the district court erred by admitting evidence of his prior convictions under Federal Rule of Evidence 404(b). Finally, Mincey appeals his 360-month sentence as unreasonable. For the reasons stated below, we affirm both his conviction and sentence.

1. Motion to Suppress

We review the district court's denial of a defendant's motion to suppress under a mixed standard of review, examining the district court's findings of fact for clear error and the district court's application of law to those facts de novo. United States v. Ramirez, 476 F.3d 1231, 1235-36 (11th Cir. 2007), cert. denied, 127 S.Ct. 2924 (2007). The court's factual findings are construed in the light most favorable to the prevailing party. Id.

It is undisputed that during his arraignment, Mincey requested court-appointed counsel. Where an accused invokes his right to counsel, government authorities may not subject him to further interrogation "until counsel has been made available to him, unless the accused himself initiates further communications, exchanges, or conversations with the police." Edwards v.

2

Arizona, 451 U.S. 477, 484-85 (1981); see also Michigan v. Jackson, 475 U.S. 625, 630-32 (1986).  However, "after a knowing and voluntary waiver of the Miranda rights, law enforcement officers may continue questioning until and unless the suspect clearly requests an attorney."[1]  Davis v. United States, 512 U.S. 452, 461 (1994).

Upon close review of the record and the parties' briefs, we discern no error with respect to the denial of Mincey's motion to suppress.  In this case, the district court found that although Mincey requested the assistance of counsel at his arraignment, it was Mincey that initiated the interview with Agent Munsey.  The videotape of the interview depicts Agent Munsey beginning by asking Mincey, "So what's up?"  When Mincey began talking, Agent Munsey stopped him to read him his Miranda rights.[2]  Agent Munsey paused after each one and asked Mincey if he understood.  Mincey never indicated that he did not understand nor that he wished to invoke his right to the presence of counsel, nor did he ever request to terminate the interview.  Mincey indicated that he was interested in finding out how he could cooperate with police investigations to lower his own sentence, and he freely

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

[2] Although on appeal Mincey asserts both his Fifth and Sixth Amendment rights to counsel, where Miranda warnings are provided at a post-indictment, custodial interrogation, as is the case here, a knowing and voluntary waiver of his Miranda right to counsel operates as a valid waiver of his Sixth Amendment right to have counsel present at the interrogation.  See Patterson v. Illinois, 487 U.S. 285, 292-300 (1988).

discussed his knowledge of and experience in the drug trade.

Moreover, Mincey does not allege that he was subjected to any physical or psychological pressure, or that the interview was unduly long. Although Mincey alleges that "certain statements made by [Agent Munsey] implied that 'he would go to bat' for [Mincey] in exchange for information of assistance to their investigations," Mincey has not offered any evidence that Agent Munsey coerced or deceived him.

Finally, Mincey testified that he did not understand the nature of his Miranda rights, and that he "thought [Agent Munsey] was like an attorney." However, Mincey had seven prior arrests and four felony convictions, and therefore, he was "no novice to law enforcement procedures." United States v. Gaddy, 894 F.2d 1307, 1312 (1990). More importantly, when asked by the government if he discussed his involvement in the drug trade with Agent Munsey, Mincey replied, "I ask for my Fifth Amendment on that." Given Mincey's background and conduct at trial, the district court did not err in concluding that Mincey had the requisite knowledge of his rights and knowingly waived his right to counsel during the videotaped interview. Accordingly, we affirm the denial of his motion to suppress.

## 2. Evidence of Prior Convictions

Mincey argues that the district court erred in admitting evidence of his prior

convictions under Federal Rule of Evidence 404(b). Because Mincey failed to challenge the government's use of his prior convictions under Rule 404(b) in either his motion in limine or at trial, we will review only for plain error. United States v. Jernigan, 341 F.3d 1273, 1280 (11th Cir. 2003).

Rule 404(b) provides that evidence of other acts "is not admissible to prove the character of a person. . ." but that such evidence "may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake . . . ."

Mincey argues that the district court plainly erred in admitting evidence of his prior convictions under Rule 404(b) because the "prejudicial impact of this evidence far outweighed its negative probative value." However, the evidence was probative on the issue of intent, and the court twice gave the jurors instructions to limit the prejudicial effect. As a result, we conclude that the district court did not plainly err in admitting evidence of his prior convictions under Rule 404(b). We also find meritless Mincey's cursory challenge to the introduction of the video taped interview.

### 3. Reasonableness of 360-Month Sentence

Mincey argues that his sentence of 360 months is unreasonable. He also asserts that the Supreme Court's decision in Almendarez-Torres v. United States,

523 U.S. 224 (1998), authorizing the use of prior convictions under a penalty enhancement provision without alleging them in the indictment nor proving them to the jury, is no longer good law. Finally, Mincey argues that we should revisit and replace the reasonableness standard of reviewing sentences.

As an initial matter, we have held that we will continue to follow Almendarez-Torres "unless and until the Supreme Court expressly overrules [it]." United States v. Greer, 440 F.3d 1267, 1273 (11th Cir. 2006). Furthermore, the Supreme Court held in United States v. Booker, 543 U.S. 220, 261 (2005), that appellate courts are to apply a reasonableness standard in reviewing sentences, and we deny Mincey's request that we revisit and replace that standard in reviewing his sentence. Based on the record, we find Mincey's 360-month sentence, at the low-end of the appropriate guidelines range, reasonable.

**AFFIRMED.**